IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:24-cv-03547-CNS-SBP

JAMES H. MASSEY,

     Plaintiff,

v.

RITHM CAPITAL CORPORATION &
NEWREZ LLC, a wholly owned subsidiary
Of Rithm Capital Corporation, d/b/a Shellpoint
Mortgage Servicing, f/k/a Specialized Loan
Servicing LLC,
     Defendants.

---

**ORDER**

---

     Before the Court are Plaintiff James H. Massey's Motion to Remand, ECF No. 21,
and Defendants Rithm Capital Corporation and Newrez LLC's Motion to Dismiss Plaintiff's
Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 18.[1] Both
motions have been fully briefed. ECF Nos. 30, 32, 33, and 34. Also pending are Plaintiff's
Motion for Declaratory Judgment, ECF No. 35, and Motion for Speedy Hearing of
Plaintiff's Motion for Declaratory Judgment, ECF No. 38, and Defendants' Motion to Stay
and/or Hold in Abeyance Plaintiff's Motion for Declaratory Judgment Pending Adjudication
of Defendants' Motion to Dismiss, ECF No. 37. For the reasons set forth below, the Court

---

[1] The Court had originally referred Plaintiff's Motion to Remand and Defendants' Motion to Dismiss to
Magistrate Judge Susan Prose but withdrew these referrals on July 9, 2025.

DENIES Plaintiff's Motion to Remand, ECF No. 21, GRANTS Defendants' Motion to Dismiss with prejudice, ECF No. 18, and DENIES the remaining motions. *See* ECF Nos. 35, 37, 38.

## I.    SUMMARY FOR PRO SE PLAINTIFF

You filed a motion to remand after Defendants removed this case from Colorado state court. In essence, you argue that removal was improper for two reasons: (1) Defendants were in default in Colorado state court prior to filing their notice of removal and thus could not properly remove the case; and (2) this Court lacks jurisdiction over this lawsuit because there is not complete diversity between the parties, which is required for this Court to have diversity jurisdiction. Defendants argue that they were never in default in state court and that complete diversity exists. After considering these arguments, the Court is denying your motion because Defendants have demonstrated that they were not in default and that there is complete diversity of citizenship.

Additionally, Defendants filed a motion to dismiss your lawsuit pursuant to Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6), a complaint may be dismissed for failing to state a claim for which the Court can grant relief. Defendants argue that your complaint must be dismissed because the claims you raise in it are barred by the doctrine of res judicata, or claim preclusion, which bars a party from suing defendants for claims about which a court has already issued final judgment. Defendants argue you have already brought these claims in previous lawsuits and that courts have dismissed them. Defendants also argue that your claims are barred by the relevant statutes of limitations. You essentially argue that you survive Defendants' dismissal motion because the

Western District of Kentucky, a judicial district where you previously filed a civil action, entered a judgment that is void. After considering these arguments, the Court is granting Defendants' motion to dismiss because, fundamentally, the Court does not conclude that the judgment you challenge is void, and that judgment establishes that your claims are barred by res judicata.

Finally, because the Court is dismissing this case, the Court is denying your remaining motions. Below, the Court will further explain why it has resolved these motions in this way, and will discuss the legal authority that supports these conclusions.

## II.    BACKGROUND[2]

### A.  The Case at Bar

Plaintiff filed a lawsuit against Defendants in Colorado state court on November 1, 2024.[3] ECF Nos. 1-1, 5. Plaintiff asserted claims for breach of contract and fraud on a

---

[2] The background facts are taken from briefing and attendant evidentiary material submitted by the parties. The Court further notes that, vis-à-vis Defendants' Motion to Dismiss, when deciding a Rule 12(b)(6) motion, a court generally confines its analysis to the four corners of the complaint. *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). If a court intends to rely on evidence outside the complaint, it typically must convert the motion to dismiss to a motion for summary judgment. *Id.* However, when outside evidence arises from "matters of which a court may take judicial notice," the court may rely on this outside evidence without converting the motion to dismiss into one for summary judgment. *Id.* A court may properly take judicial notice of documents contained in another court's docket. *See United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010). Accordingly, because documents from the previous, related lawsuits are relevant to the adjudication of Defendants' motion, the Court takes judicial notice of all such documents below. *See Gee*, 627 F.3d at 1186; *Smalls*, 605 F.3d at 768 n.2.

[3] Plaintiff appears pro se, which normally would require the Court to construe his pleadings liberally. *See United States v. Trent*, 884 F.3d 985, 993 (10th Cir. 2018). However, the Court notes that Plaintiff is a formerly barred Colorado attorney. *See Massey v. Computershare Ltd.*, No. 21-cv-0601-WJM-SBP, 2024 WL 943411, at *5 (D. Colo. Mar. 5, 2024). Courts "generally decline" to afford liberal construction to pro se litigants who are trained as attorneys. *Oliver v. Nielsen*, 806 F. App'x 632, 633 n.1 (10th Cir. 2020). However, in the interest of justice, the Court affords Plaintiff a liberal construction even though the Court is not required to do so. But regardless of how the Court construes Plaintiff's pleadings, the outcome— dismissal—remains the same.

successor liability theory, *id.*, ¶ 1, and alleged the following facts: Plaintiff opened a home

equity line of credit (HELOC) in 2007 and executed a junior mortgage against his home

in Kentucky. *Id.*, ¶¶ 9–11. In August 2019, Specialized Loan Servicing LLC (SLS), a

Colorado company, began servicing his HELOC. *Id.* Plaintiff requested a payoff statement

from SLS because he believed SLS was "not a reputable" company. *Id.*, ¶¶ 13–14. SLS

sent the statement, noting a payoff amount of $25,849.76. *Id.*, ¶ 16. SLS agreed that,

upon receipt of a cashier's check in that amount, Plaintiff's obligations under the HELOC

would be discharged and the account terminated. *Id.*, ¶ 17. Plaintiff sent a cashier's check

in the amount of $25,849.76 to SLS by certified mail, and Postal Service records confirm

that SLS received it on August 30, 2019. *Id.*, ¶¶ 18–20. SLS initially denied receiving the

check, but in November 2019, SLS admitted receipt. *Id.*, ¶ 21. SLS's "refusal to discharge

the[ir] obligations" and terminate the HELOC amounted to a breach of contract. *Id.*, ¶ 30.

And SLS's denial of receipt of the cashier's check and subsequent prevarication

constituted fraud. *Id.*, ¶¶ 5–6, 31. Defendant Rithm acquired SLS in May 2024 and

assumed SLS's liabilities. *Id.*, ¶¶ 6–8. Defendant Rithm merged SLS with Defendant

Newrez, which also assumed SLS's liabilities. *Id.*

Plaintiff served Defendants by certified mail—Defendant Rithm on November 22,

2024, and Defendant Newrez on November 25, 2024. ECF No. 21 at 3, 16–17; ECF No.

30 at 11. Defendant Newrez filed its Notice of Removal on December 23, 2024. ECF No.

1. Defendants then filed a joint Motion to Dismiss on January 13, 2025, ECF No. 18, and

Plaintiff filed his Motion to Remand the following day. ECF No. 21.

4

**B.  Plaintiff's Previous, Related Cases**

On May 12, 2020, Plaintiff filed a pro se complaint in the Western District of
Kentucky against SLS (*Massey I*). *See* Complaint for a Civil Case, *Massey v. Specialized
Loan Servicing LLC*, No. 1:20-cv-88-GS-HBB (W.D. Ky. 2020), ECF No. 1, [hereinafter
*Massey I* Compl.]. Plaintiff's claims arose from the same factual predicate as those
asserted in the instant matter. *See generally id.* Specifically, Plaintiff's allegations involved
the same HELOC that SLS began servicing in 2019, and Plaintiff alleged that SLS was
"not a reputable" company.[4] *Id.* at 4. Plaintiff allegedly sent SLS a cashier's check in the
amount of $25,849.76, which SLS received on August 30, 2024. *Id.* at 5. Plaintiff alleged
that SLS initially denied receiving the check but later acknowledged that Postal Service
records indicated receipt, but SLS claimed that the check had been lost. *Id.* at 5. Plaintiff
asserted several causes of action, which the district court interpreted as theft, fraud,
extortion, outrage, and punitive damages. *Massey v. Specialized Loan Servicing, LLC*,
No. 1:20-cv-00088-GNS, 2021 WL 311868, at *3–6 (W.D. Ky. Jan. 29, 2021). Ultimately,
on January 29, 2021, the court dismissed Plaintiff's lawsuit pursuant to Federal Rule of
Civil Procedure 12(b)(6) for failure to state a claim and entered judgment to that effect.
*Id.* at 6.

Before judgment entered and the final disposition of *Massey I*, on May 12, 2020,
Plaintiff filed another pro se lawsuit (*Massey II*), this time in this judicial district. *See
Massey v. Computershare Ltd.*, No. 21-cv-601-WJM-SKC, 2023 WL 9547961, at *1 (D.

---

[4] The Court notes that Plaintiff's property is in Kentucky, and in *Massey I*, for purposes of establishing
diversity jurisdiction, Plaintiff affirmed that he was a citizen of Kentucky. *See Massey I* Compl. at 3.

Colo. Dec. 13, 2023), *report and recommendation adopted sub nom*, No. 21-cv-0601-WJM-SBP, 2024 WL 943411 (D. Colo. Mar. 5, 2024). Plaintiff sued SLS and related entities and asserted a variety of claims, but the claims all rested on the same factual predicate as *Massey I. Id.* at *4. Accordingly, Judge William J. Martinez dismissed Plaintiff's complaint with prejudice and entered judgment to that effect, adopting then-Magistrate Judge S. Kato Crews' recommendation that the claims be dismissed as barred by the doctrine of res judicata, or alternatively for failing to plead sufficient factual allegations as required by Rule 12(b)(6).[5] *Massey II*, 2024 WL 943411, at *9. Plaintiff appealed this judgment to the Tenth Circuit, and the appeal is still pending. *Massey v. Computershare Ltd.*, Case No. 24-1445.

In January 2023, while *Massey II* was still pending, Plaintiff filed another pro se suit (this time with his wife as a co-plaintiff) (*Massey III*) in Kentucky state court. *See Massey v. Specialized Loan Servicing, LLC*, No. 23-5860, 2024 WL 4471678, at *1 (6th Cir. Sept. 9, 2024). The defendants removed the case to the Western District of Kentucky, and the court ultimately dismissed the complaint as barred by res judicata. *Id.* at *2. The Sixth Circuit affirmed the district court's judgment. *Id.* at *5.

Finally, just one month before Plaintiff filed the instant suit in Colorado state court, Plaintiff filed a fourth pro se lawsuit (*Massey IV*) in Kentucky state court in October 2024, suing the same Defendants in the instant action. ECF No. 18 at 7.

---

[5] Judge Martinez also later enjoined Plaintiff from filing any post-judgment documents in that case and enjoined him from commencing any pro se litigation in this judicial district against the defendants in *Massey II* or "related to the subject matter" of *Massey II. Massey v. Computershare Ltd.,* No. 21-cv-0601-WJM-SBP, 2024 WL 4728744, at *11 (D. Colo. Nov. 8, 2024). Plaintiff filed the instant suit in Colorado state court, and Defendants removed it. Thus, Plaintiff technically did not violate the letter of Judge Martinez's injunction.

**C. Procedural History**

Plaintiff filed his complaint in the instant suit in Colorado state court on November 1, 2024. ECF Nos. 1-1, 5. Defendant Newrez filed its Notice of Removal on December 23, 2024. ECF No. 1. Defendants then filed their joint dismissal motion on January 13, 2025. ECF No. 18. In it, they argue that Plaintiff's claims are barred by res judicata, or alternatively, by the applicable statutes of limitations. *Id.* at 9–16. Plaintiff essentially argues that the judgment in *Massey I* is void and thus cannot serve as a basis to bar Plaintiff's claims under res judicata. *See generally* ECF No. 33.

Plaintiff filed his Motion to Remand on January 14, 2025. ECF No. 21. Plaintiff argues that remand is appropriate because Defendants were in default in state court or, alternatively, because this court lacks subject matter jurisdiction due to a lack of complete diversity. ECF No. 21 at 3–7. Defendants argue they were not in default and complete diversity exists here, so remand is inappropriate. ECF No. 30 at 7–14.

**III.     ANALYSIS**

Because Plaintiff's Motion to Remand raises jurisdictional issues, the Court addresses it first. After concluding that the Court has subject matter jurisdiction over Plaintiff's lawsuit and that remand is therefore improper, the Court then addresses, and grants, Defendants' Motion to Dismiss Plaintiff's complaint as barred by res judicata.

**A. Plaintiff's Motion to Remand**

Plaintiff argues that remand is warranted because Defendants' Notice of Removal "is insufficient on its face to raise even a colorable claim of removability." ECF No. 21 at 1 (internal punctuation omitted). Plaintiff urges remand on two bases: (1) that "Defendants

7

were defaulted prior to the time when removal was attempted"; and/or (2) that this Court lacks subject matter jurisdiction over this case because there is not complete diversity of citizenship. ECF No. 21 at 3–7. Defendants argue that they were never in default and complete diversity existed at the time of filing. ECF No. 30 at 7–14. As explained below, the Court agrees with Defendants on both fronts.

### 1. Legal Standard

A defendant in a state-court civil action may remove the action to federal district court if: (1) the federal court would have had original jurisdiction over the matter had it been brought there in the first instance; and (2) the defendant removes the action to the federal district in which the state court action is pending. 28 U.S.C. § 1441(a); *Woods v. Ross Dress for Less, Inc.*, 833 F. App'x 754, 756 (10th Cir. 2021). A plaintiff may file a motion to remand on the basis of a defect in removal, such as lack of subject matter jurisdiction. § 1447(c). If the district court lacks subject matter jurisdiction, it must remand the case to the state court. *Huber-Happy v. Est. of Rankin*, 233 F. App'x 789, 790 (10th Cir. 2007).

### 2. Defendants' Purported Default and Their Notice of Removal

Plaintiff first argues that Defendant Newrez's notice of removal was untimely per the Colorado Rules of Civil Procedure, and thus default should have been entered in state court. ECF No. 21 at 3–4. Plaintiff further argues that because default requires judicial action to set aside, and because there was no such action in the state court, Defendants are effectively "out of court" and could not file pleadings or remove the case to federal

court.[6] *Id.* Thus, Plaintiff maintains, this case must be remanded because the state court

retains jurisdiction. *Id.* at 1–2. Defendants argue, and the Court agrees, that they timely

filed their Notice of Removal and were not in default. ECF No. 30 at 11–12.

A defendant must normally file an answer or other response within 21 days after

service of process. Colo. R. Civ. P. 12(a)(1). However, if defendant is served outside of

Colorado, they must file a responsive pleading within 35 days of service. Colo. R. Civ. P.

12(a)(2). If a defendant fails to timely respond, the state-court clerk must enter default.

Colo. R. Civ. P. 55(a).

The parties agree that Defendants Rithm and Newrez were served on November

22, 2024, and November 25, 2024, respectively. ECF No. 21 at 3, 16–17; ECF No. 30 at

11. Plaintiff contends that Defendants were "required" to respond within 21 days of service

(i.e., on or before December 12, 2024, and December 15, 2024, respectively), or they

would be in default. ECF No. 21 at 3. However, Defendants correctly point out that they

both were served outside of Colorado—something Plaintiff's exhibits confirm. *See* ECF

No. 21 at 16–17. As such, both Defendants had 35 days to respond.[7] ECF No. 30 at 11–

12 (citing Colo. R. Civ. P. 12(a)(2)). That is, Defendant Rithm had a December 27, 2024

---

[6] Plaintiff cites *Christerson v. French*, 180 Cal. 523 (1919), to support his argument, ECF No. 21 at 3, but the Court cautions Plaintiff that his use of this case is improper. The citation immediately follows a quotation, but a significant portion of that quotation does not appear anywhere in *Christerson*. Moreover, Plaintiff appends a clause after the quotation that he represents as deriving from the case, but *Christerson* does not in any way stand for the proposition Plaintiff claims. Even if the Court construed Plaintiff's pleadings liberally, this citation would still be improper—pro se or not, Plaintiff is bound by the obligations imposed on all litigants, which include making accurate representations in pleadings. *See* Fed. R. Civ. P. 11.

[7] Plaintiff argues that the state-court summonses "required" Defendants to respond within 21 days. ECF No. 21 at 3. However, Plaintiff fails to acknowledge that the summonses also provided that parties served outside of Colorado had 35 days in which to respond. ECF Nos. 1-2, 1-3.

response deadline, and Defendant Newrez had a December 30, 2024 response deadline. *Id*. Defendant Newrez filed its Notice of Removal with this Court, ECF No. 1, as well as its Notice of Filing of Notice of Removal with the state court, ECF No. 1-5, on December 23, 2024, at a minimum four days before either Defendant's response deadline.

Because the Notice of Removal was filed before both Defendants' state-court response deadlines, they were not in default in state court.[8] *See* Colo. R. Civ. P. 12(a)(2). Thus, the Court declines to grant Plaintiff's remand motion based on his first argument that Defendants were in default.[9]

### 3. Diversity Jurisdiction

Plaintiff next argues that Defendants' "Notice of Removal was defective and ineffective because it was based upon diversity of citizenship, and diversity of citizenship [does] not exist" in this case. ECF No. 21 at 4. Plaintiff asserts that, because both he and

---

[8] Orders issued by the state court confirm that Defendants were not in default there. *See, e.g.*, ECF No. 29-4 (responding to Plaintiff's Motion for Entry of Default and apparently denying it by stating: "This case was removed to the United States District Court. The removal of the case divests this court of jurisdiction unless the case is remanded to it by the United States District Court").

[9] To the extent that Plaintiff's complaint could be liberally construed to argue that removal was procedurally defective, the Court briefly addresses the procedural propriety of removal. Defendant Newrez, which was served on November 25, 2024, ECF No. 21 at 17, filed its Notice of Removal on December 23, 2024, ECF No. 1, i.e., within 30 days of service as required by 28 U.S.C. § 1146(b)(1). Because neither Defendant answered the complaint in state court, Defendants were required to file a responsive pleading with this Court within seven days of removal. Fed. R. Civ. P. 81(c)(2)(C). On December 30, 2024, Defendants filed a joint Motion for Extension of Time to File Answer or Otherwise Respond, ECF No. 7, which Magistrate Judge Prose granted. ECF No. 15. Defendants timely responded by filing their joint Motion to Dismiss on January 13, 2025. ECF No. 18. Plaintiff filed his Motion to Remand on January 14, 2025. ECF No. 21. Because all defendants must consent to removal, 28 U.S.C. § 1146(b)(2), the Court finds that Defendants' December 30, 2024 joint motion, ECF No. 7, served as Defendant Rithm's consent to removal, notwithstanding the fact it did not explicitly join in the original Notice of Removal. *See Tate v. SNH CO Tenant LLC*, No. 22-cv-00827-MEH, 2022 WL 3091375, at *2–4 (D. Colo. July 15, 2022) (denying a motion to remand where one defendant had not joined in another defendant's notice of removal but later consented after the 30-day removal window but prior to the plaintiff filing a motion to remand). Thus, regardless of how the Court construes Plaintiff's argument, removal was procedurally proper.

"Defendant ('SLS LLC') are citizens" of Colorado, there is no diversity jurisdiction, and removal based on it was improper. ECF No. 21 at 11. Defendants maintain that removal "was, and remains, proper on the basis of diversity jurisdiction." ECF No. 30 at 5. As described below, the Court agrees with Defendant.

Federal courts have original jurisdiction over civil actions in which the amount in controversy exceeds $75,000 and there is complete diversity of citizenship. 28 U.S.C. 1332(a). Complete diversity requires that the state citizenship of each plaintiff is different from each defendant's state citizenship. *Ravenswood Inv. Co. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1223 (10th Cir. 2011) (citing *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 829 (1989)). Diversity must exist both at the time of filing in state court and the time the case is removed. *Woods*, 833 F. App'x at 757 (citing *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567 (2004)). The citizenship of parties "is determined based on the facts as they existed at the time the complaint was filed." *Ravenswood Inv. Co.*, 651 F.3d at 1223 (citing *Smith v. Sperling,* 354 U.S. 91, 93 n.1 (1957)).

For natural persons, state citizenship is determined by their domicile. *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983). A person acquires domicile in a state when they reside there and intend to remain there indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). A corporation has citizenship in, but only in, its state of incorporation and the state in which it has its principal place of business, i.e., its "nerve center." 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). A limited liability company (LLC) takes on the citizenship of all its members. *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015).

11

Plaintiff's argument focuses squarely on the diversity, rather than the amount-in-controversy, requirement of Section 1332 jurisdiction and has two components: (1) that Defendants have residual Colorado citizenship by virtue of Defendant Rithm's acquisition of SLS and SLS's merger into Defendant Newrez; and (2) that Plaintiff is a Colorado citizen. ECF No. 21 at 4–6.

Generously construed, Plaintiff first argues that, because the alleged breach of contract at issue in this suit occurred during a time period in which SLS "was a citizen of Colorado," Defendants Rithm and Newrez "stand[] in the exact same shoes" as SLS prior to the merger, which includes SLS's Colorado citizenship. ECF No. 21 at 5. Not so.[10] Plaintiff asserts, and Defendants do not dispute, that SLS had its headquarters in Highlands Ranch, Colorado. ECF No. 21 at 5. Plaintiff argues that Defendant Rithm acquired SLS on May 2, 2024, and immediately merged SLS into Defendant Newrez. ECF No. 21 at 4. But according to these allegations, and as Defendants suggest, ECF No. 30 at 9, SLS ceased to exist after May 2, 2024, and, it follows, could not have had any citizenship after that date, either.[11] And because citizenship for diversity purposes must be determined based on the facts that existed at the time Plaintiff's complaint was

---

[10] Plaintiff is correct when he asserts that the merger bestowed upon SLS's successors any potential liabilities, including lawsuits. ECF No. 21 at 4–5; *see also* C.R.S. § 7-90-204 ("All obligations of the merging entities attach as a matter of law to the surviving entity and may be fully enforced against the surviving entity"). However, as described below, citizenship for diversity purposes is not transferrable in the same way.

[11] Under Colorado law, SLS's legal existence evaporated when it merged with Defendant Newrez on May 2, 2024. *See* ECF No. 21 at 4; *see also* C.R.S. § 7-90-204 (stating that when a merger takes effect, "the separate existence of every merging entity ceases"). This is confirmed by the Colorado Secretary of State's business registration database, which states that SLS's status as a Colorado LLC was withdrawn on June 18, 2024. *See Overhead Sols., Inc. v. A1 Garage Door Serv., LLC*, No. 1-19-cv-1741-PAB-NYW, 2021 WL 4046408, at *5 (D. Colo. May 5, 2021) (taking "judicial notice of the information publicly available through the business databases search for the Colorado Secretary of State").

filed on November 1, 2024, *see Ravenswood Inv. Co.*, 651 F.3d at 1223, SLS is irrelevant in determining diversity here, which requires the Court to examine only the citizenship of Defendants Rithm and Newrez.[12]

Regarding Defendant Rithm, Defendants assert that it was incorporated in Delaware and has its principal place of business in New York. ECF No. 30 at 7; ECF No. 1 at 2; *see also* ECF No. 1-8 (Defendant Rithm's Corporate Disclosure, which affirms "that it is a Delaware corporation with its principal place of business in New York"). Plaintiff does not dispute this. *See generally* ECF No. 21. Consequently, for purposes of diversity jurisdiction, the Court concludes that Defendant Rithm has citizenship in Delaware and New York. *See Hertz Corp*, 559 U.S. at 92–93.

Regarding Defendant Newrez, Defendants assert that it is also a citizen of Delaware and New York. ECF No. 30 at 7; ECF No. 1-7 (Defendant Newrez's Corporate Disclosure). Plaintiff only contests this assertion to the extent that he argues Defendants misconstrue the law by arguing that Defendant Newrez's citizenship must be analyzed as if it were a corporation. ECF No. 21 at 11–12. But Defendants correctly argue that, because Defendant Newrez is an LLC, its citizenship depends on the citizenship of its members. ECF No. 30 at 7 (citing *Siloam Springs Hotel LLC*, 781 F.3d at 1234). And ultimately, the citizenship of Defendant Newrez's members turns out to be the same as

---

[12] *See also Bombardier Transp. (Holdings) USA Inc. v. HDR Eng'g Inc.*, No. cv-21-01460-PHX-SPL, 2023 WL 3738443, at *1 (D. Ariz. Apr. 24, 2023) (stating that an "entity's citizenship is determined based on its form at the time the complaint was filed, even if the complaint names a predecessor entity of a different form and the plaintiff insists that it wishes to sue the predecessor entity that no longer exists"); *Vision Bank v. Dynamic Air, Inc.*, No. 10-00543-CG-B, 2011 WL 1475939, at *3 (S.D. Ala. Mar. 30, 2011) ("[W]here there is a merger of corporations, for purposes of establishing diversity jurisdiction, corporate citizenship is determined based on the citizenship of the surviving corporation of a merger."), *report and recommendation adopted*, No. CA 10-0543-CG-B, 2011 WL 1475918 (S.D. Ala. Apr. 15, 2011).

Defendant Rithm's.[13] *See Siloam Springs Hotel LLC*, 781 F.3d at 1234. Thus, the Court concludes that Defendants are both citizens of Delaware and New York for purposes of diversity jurisdiction.[14]

Plaintiff argues that he is a citizen of both Colorado and Kentucky. ECF No. 21 at 6. The Court harbors doubts that Plaintiff is a Colorado citizen, given that he claimed Kentucky citizenship in *Massey I*, *Massey I* Compl. at 3, and has not moved since then, nor has he manifested any intent to permanently reside in Colorado in any filings submitted to the Court in the instant action. ECF No. 21 at 5; *see also Middleton*, 749 F.3d at 1200 (stating that a person acquires domicile, and thus citizenship, when they reside in a state and intend to remain there). Nevertheless, even taking Plaintiff's argument as true that he is or could be a citizen of both Colorado and Kentucky, there would still be complete diversity because neither Defendant has citizenship in Kentucky or Colorado. *See Ravenswood Inv. Co.*, 651 F.3d at 1223.

Accordingly, there is complete diversity of citizenship, *see id.*, and the Court has original jurisdiction over this matter. *See* 28 U.S.C. 1332(a).

* * *

---

[13] Specifically, Defendant Newrez is a wholly owned subsidiary of Shellpoint Partners LLC, a Delaware LLC. ECF No. 1 at 2. Shellpoint LLC is, in turn, a wholly owned subsidiary of NRM Acquisition LLC and NRM Acquisition II LLC, both of which are also Delaware LLCs. *Id.* Both NRM Acquisition LLCs are wholly owned subsidiaries of New Residential Mortgage LLC, another Delaware LLC. *Id.* Finally, New Residential Mortgage LLC is a wholly owned subsidiary of Defendant Rithm Capital Corporation, the citizenship of which, as noted above, is New York and Delaware. *Id.* Consequently, the membership of Defendant Newrez's owner-members traces a direct and uninterrupted line through a series of Delaware LLCs to Defendant Rithm, whose citizenship Defendant Newrez adopts for diversity-jurisdiction purposes. *See Siloam Springs Hotel, LLC*, 781 F.3d at 1234.

[14] Plaintiff cites no cases to support his argument that a successor entity takes on the citizenship of an entity it acquires, and the Court is aware of no such cases. *Contra Bombardier Transp. (Holdings) USA Inc.*, 2023 WL 3738443, at *1.

In sum, Defendants were not in default in state court and could properly file their Notice of Removal. And because there is complete diversity of citizenship, this Court has original jurisdiction under § 1332, and removal was proper. *See* 28 U.S.C. § 1441(a). Consequently, the Court denies Plaintiff's Motion to Remand.

**B.  Defendant's Motion to Dismiss**

Having determined that it has jurisdiction over this case, the Court turns next to Defendant's Motion to Dismiss. Defendants seek dismissal on the basis that Plaintiff's complaint fails to state a claim for which relief may be granted. ECF No. 18 at 9 (citing Fed. R. Civ. P. 12(b)(6)). Specifically, Defendants argue that Plaintiff's claims are (1) bared by res judicata, *id.* at 9–15, and/or (2) barred by the applicable statutes of limitations. *Id.* at 16. Plaintiff does not substantively address Defendants' arguments and only argues that the judgment in *Massey I*, which Defendants seek to invoke for purposes of res judicata, is void. *See generally* ECF No. 33. Even affording Plaintiff's arguments a liberal construction, the Court ultimately agrees with Defendants that Plaintiff's suit must be dismissed because his claims are barred by res judicata.

*1.  Legal Standard*

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate only if the complaint, viewed in the light most favorable to plaintiff, is implausible on its face. *Mengert v. United States*, 120 F.4th 696, 711 (10th Cir. 2024) (citing *Abdi v. Wray*, 942 F.3d 1019, 1025 (10th Cir. 2019)). However, in a Rule 12(b)(6) motion, a defendant may raise the affirmative defense of res judicata in order to demonstrate that a plaintiff's claims

are facially implausible. *Jiying Wei v. Univ. of Wyoming Coll. of Health Sch. Pharmacy*,
759 F. App'x 735, 739–40 (10th Cir. 2019) (internal citations omitted). Accordingly, a court
may dismiss an action at the motion to dismiss stage based on res judicata. *Noflin v. Two
Rivers Drug Enf't Team*, No. 18-cv-02841-PAB-GPG, 2019 WL 1112383, at *2 (D. Colo.
Mar. 11, 2019).

Before evaluating the substance of Defendants' motion, the Court briefly
addresses, and rejects, Plaintiff's argument about the judgment in *Massey I*.[15]

### 2. *Plaintiff's Claims about the Validity of* Massey I*'s Disposition*

Plaintiff's response to Defendants' Motion to Dismiss consists predominantly of his
argument that the Western District of Kentucky's judgment in *Massey I* is "VOID on its
face, ab initio." ECF No. 33, ¶ 6. Defendants argue that the judgment in *Massey I* is not
now, nor has it ever been, void, and Plaintiff's argument amounts to an improper
"collateral[] attack." ECF No. 34 at 4. The Court agrees with Defendants.

A "collateral attack" is a "tactic whereby a party seeks to circumvent an earlier
ruling of one court by filing a subsequent action in another court." *Harbinger Cap. Partners
LLC v. Ergen*, 103 F. Supp. 3d 1251, 1265 (D. Colo. 2015) (quoting *Pratt v. Ventas, Inc.,*
365 F.3d 514, 519 (6th Cir.2004)). Because a "federal district court lacks jurisdiction to

---

[15] Plaintiff also argues that Defendants' Motion to Dismiss improperly states the Rule 12(b)(6) standards,
for instance, in that Defendants call on the Court to examine documents outside of the complaint. ECF No.
33, ¶ 30–33. Plaintiff does not address, much less rebut, that it is proper for the Court to take judicial notice
of documents in order to address Defendants' res judicata argument in the dismissal context. *See generally*
ECF No. 33. Further, in addition to this incomplete view of Rule12(b)(6) standards, in the places that Plaintiff
*does* recite these standards, he frequently relies on inapposite or abrogated law. *See, e.g.*, ECF No. 33, ¶
35 (citing *Conley v. Gibson*, 355 U.S. 41 (1957), *abrogated by Bell Atl. Corp. v. Twombly*, 550 U.S. 544
(2007)). Consequently, Plaintiff's recitation of the Rule 12(b)(6) standards, and his calls that his complaint
pleads sufficient factual allegations, fail to change the Court's analysis because Defendants' argument rests
on other bases.

review decisions of other federal courts," *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006), a party who seeks to overturn a valid judgment of one federal court in another seeks an "impermissible collateral attack." *Wermy v. Norwest Fin. Washington, Inc.*, 72 F.3d 139, 1995 WL 712644, at *2 (10th Cir. 1995) (table decision).

Here, Plaintiff argues that the judgment of the Western District of Kentucky in *Massey I* is void and essentially asks the Court to ignore it in assessing Defendants' Motion to Dismiss. *See generally* ECF No. 33. However, this Court lacks jurisdiction to review another district court's decisions, *see Smalls*, 471 F.3d at 192, and so Plaintiff's request amounts to an impermissible collateral attack on the judgment in *Massey I*.[16] *See Wermy*, 1995 WL 712644, at *2. As such, the Court declines Plaintiff's invitation to "ignore" the Western District of Kentucky's judgment. *See generally* ECF No. 33.

Plaintiff also claims that the court in *Massey I* was obligated to review the defendant's motion to dismiss de novo, and the court's order "was completely devoid of any indications of being de novo." ECF No. 33, ¶ 56. As such, the order dismissing *Massey I* "amounted to fraud upon the court by the court," and the judgment was therefore void. *Id.*, ¶ 63. De novo refers to a standard of review on appeal. But presuming that Plaintiff argues that the Western District of Kentucky did not engage in adequate legal

---

[16] This conclusion should not surprise Plaintiff. As Defendants point out, "the validity of the decision and final judgment from *Massey I* has been affirmed and reaffirmed now twice by the court that issued it, again by [the District of Colorado in *Massey II*], and also by the Sixth Circuit." ECF No. 34 at 4. *See also Massey*, 2024 WL 4471678, at *4 (holding that Plaintiff's argument that the judgment in *Massey I* was "void ab initio" amounted to "an impermissible collateral attack"); *Massey*, 2024 WL 943411, at *6 ("[T]he Court cannot properly review another federal court's decision"). The proper means by which to challenge the validity of *Massey I*'s judgment was to appeal, which Plaintiff failed to do. *See Massey*, 2024 WL 4471678, at *4.

analysis of the motion, that is wrong.[17] And certainly Plaintiff is wrong to argue that the court somehow defrauded itself by conducting a thorough legal analysis of the dismissal motion simply because it did not rule in Plaintiff's favor.

Consequently, the Court declines Plaintiff's invitation to question the validity of the Western District of Kentucky's judgment in *Massey I* or disregard that judgment in its analysis of Defendants' motion, and so the Court will consider it below.[18]

### 3. Res Judicata

Having determined that the Western District of Kentucky's judgment in *Massey I* is not void and may be properly considered by the Court, the Court turns to the first of Defendants' arguments in support of their Motion to Dismiss, namely that this action is barred by res judicata. ECF No. 18 at 9. Plaintiff fails to substantively address Defendants' argument. *See generally* ECF No. 33. But regardless, the Court agrees with Defendants

---

[17] Plaintiff rehashes these arguments in his Memorandum in Support of Plaintiff's Response to Defendants' Motion to Dismiss, ECF No. 36, in what amounts to an improper surreply, given that Plaintiff did not seek leave to file this document. Notwithstanding this procedural impropriety, even if the Court considers Plaintiffs' arguments in this memorandum, the Court's conclusions would not be any different.

[18] The Court must also address the next most substantial portion of Plaintiff's response, namely his attacks—both direct and implied— on the integrity of this Court and other courts that have heard his claims. Take a few examples: Plaintiff states that "it appears in this case that district and state courts are incentivized by corruption or otherwise . . . ." ECF No. 33, ¶ 3; these courts "have legalized theft by their failure, if not outright refusal, to follow" the law. *Id.* at ¶ 5; the "reasonable presumption must be that [the District of Colorado, in *Massey II*,] was motivated and/or incentivized by unknown, yet identifiable forces, including corruption, which influenced the court to prioritize its own agenda, and the agenda of the multi-billion-dollar culpable defendants . . . ." *Id.* at ¶ 10; and "[t]he survival of defendants [sic] fatally flawed 12(b)(6) Motion to dismiss [here] is entirely dependent upon the defendants' ability to impeach the integrity of a district court judge who is inclined to violate the Ethical Cannons of Judicial Code of Conduct and grant defendants' facially insufficient and illegal motion." *Id.* a ¶ 22. Although there are many more examples, *see* ECF No. 33, the last of the above-cited examples demonstrates well why Plaintiff's arguments are so troubling. Plaintiff intimates that if the Court grants Defendant's Motion to Dismiss, it can only be because the Court is inclined to act unethically. The Court has duly and appropriately considered Plaintiff's substantive arguments, and the Court's conclusions are based solely on the facts and the applicable law. To suggest otherwise is, at best, disrespectful and inappropriate.

that Plaintiff's claims are barred.

The doctrine of claim preclusion, otherwise known as res judicata, "prevent[s] a party from relitigating a legal claim that was or could have been the subject of a previously issued final judgment." *Markley v. U.S. Bank Nat'l Ass'n*, 142 F.4th 732, 736–37 (10th Cir. 2025) (quoting *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005)). If for purposes of res judicata, a party invokes the final judgment of a federal court that sat in diversity, the court evaluating the res judicata matter applies the rules of preclusion of the state in which the court issuing the final judgment sat.[19] *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001).

Under Kentucky law, the scope of claim preclusion is very broad, and the

> rule is elementary that, when a matter is in litigation, parties are required to bring forward their whole case; and "the plea of res judicata applies not only to the points upon which the court was required by the parties to form an opinion and pronounce judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time."

*Drake v. McKinney*, No. 3:19-cv-239-CRS, 2020 WL 5301155, at *3 (W.D. Ky. Sept. 4, 2020) (quoting *Combs v. Prestonsburg Water Co.*, 84 S.W.2d 15, 18 (Ky. 1935). Thus, claim preclusion serves to bar consideration and relitigation of claims that were, or could

---

[19] Here, Defendants invoke the preclusive effect of the judgment of the Western District of Kentucky in *Massey I*, during which that court sat in diversity. Thus, the claim-preclusive effect of that court's dismissal is determined by Kentucky law. *See Semtek*, 531 U.S. at 509 (holding that a Maryland court evaluating the preclusive effect of a final judgment by a California federal court sitting in diversity was determined pursuant to California state law). Indeed, consistent with this principle, the court overseeing Massey's prior civil action in this judicial district likewise concluded Kentucky preclusion principles applied. *See Massey v. Computershare Ltd.*, No. 21-cv-0601-WJM-SKC, 2021 WL 5810720, at *5 (D. Colo. Dec. 7, 2021) (applying Kentucky law to determine the preclusive effect of the judgment in *Massey I*).

have been, brought in prior litigation between the parties or their privies. *Miller v. Admin. Off. of Cts.*, 361 S.W.3d 867, 871–72 (Ky. 2011). In that sense, claim preclusion serves to prevent plaintiffs from filing multiple lawsuits "based on a common set of facts," *Napper v. Jaynes*, No. 3:21-cv-320-BJB, 2022 WL 2651854, at *2 (W.D. Ky. July 8, 2022), and "preclude repetitious actions." *Miller*, 361 S.W.3d at 872 (citing *Harrod v. Irvine,* 283 S.W.3d 246, 250 (Ky. App. 2009)).

A party invoking claim preclusion must satisfy three elements: "(1) there must be an identity of parties between the two actions; (2) there must be an identity of the two causes of action; and (3) the prior action must have been decided on the merits." *Id*. The Court examines each of these elements in turn.

<em>i.     Identity of Parties</em>

Defendants argue that they are in privity with SLS, and so there is identity of the parties between *Massey I* and this suit. ECF No. 18 at 10–13. Plaintiff does not address this point, essentially conceding it. *See generally* ECF No. 33. Regardless, the Court agrees with Defendant.

Identity of the parties exists when the two suits involve either "the same parties or their privies." *Louisville v. Louisville Pro. Firefighters Ass'n*, 813 S.W.2d 804, 807 (Ky. 1991). Privies include successors in interest to a party in the prior action. *Cadle Co. v. Gasbusters Prod. I Ltd. P'ship*, 509 S.W.3d 713, 719 (Ky. Ct. App. 2016) (citing *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 481 (6th Cir.1992)). A successor in interest is defined as "[s]omeone who follows another in ownership or control of property." Successor in Interest, *Black's Law Dictionary* (12th ed. 2024); *see also*

*Dynabody Fitness Ctr., Inc. v. Skynexx, LLC*, No. 2003-CA-001574-MR, 2004 WL 2367231, at *2 (Ky. Ct. App. Oct. 22, 2004) (citing *Black's Law Dictionary* to define "successor in interest").

Here, SLS was the named defendant in *Massey I*. *See* ECF No. 18 at 11; *Massey I* Compl. at 2. Plaintiff's complaint in the instant case alleges that Defendant Rithm acquired SLS and merged it with Defendant Newrez in May 2024. ECF No. 5, ¶ 6; ECF No. 18 at 11. Thus, by Plaintiff's own allegations, there is identity of the parties vis-à-vis Defendants. When Defendant Rithm acquired SLS, Defendant Rithm became SLS's successor in interest because it followed SLS in ownership and control of the company. *See* Successor in Interest, *Black's Law Dictionary* (12th ed. 2024). Similarly, when Defendant Rithm merged SLS with Defendant Newrez, Defendant Newrez joined in this line of successors in interest because it followed Defendant Rithm in ownership and control of SLS. *See id.* In other words, Defendant Rithm was SLS's first successor in interest, and Defendant Newrez was SLS's successor in interest, once removed. Thus, because both Defendants here are SLS's successors in interest, they are both privies of SLS. *See Cadle Co.*, 509 S.W.3d at 719; *see also Autumn Wind Lending, LLC v. Siegel*, No. 3:22-cv-255-RGJ, 2023 WL 3553128, at *3 (W.D. Ky. May 18, 2023) (recognizing that "parent companies and their subsidiaries [are] in privity for the purpose of res judicata"), *rev'd on other grounds*, 92 F.4th 630 (6th Cir. 2024).

Because Plaintiff is the named plaintiff in both this suit and *Massey I*, *see* ECF No. 5; *Massey I* Compl., and because Defendants are both privies of SLS, there is complete identity of parties here. *See Louisville*, 813 S.W.2d at 807. Consequently, the first element

21

of res judicata is satisfied. *See Miller*, 361 S.W.3d at 872.

          *ii.*        *Identity of Claims*

Having established the first element, the Court turns to the next element regarding the identity of claims at issue. Defendants argue that the second element is satisfied "because the new allegations in the instant action both are founded on the same factual premise and the same underlying transaction as *Massey I*, and either were or could have been raised in the course of that litigation." ECF No. 18 at 13. Plaintiff again does not directly address Defendants' argument. *See generally* ECF No. 33. In any event, the Court agrees with Defendants.

In determining identity of claims, the "key inquiry" is whether the lawsuits concern the same controversy, i.e., "whether they both arise from the same transactional nucleus of facts." *Yeoman v. Health Policy Bd.,* 983 S.W.2d 459, 465 (Ky. 1998). A court must look "beyond the legal theories asserted to see if the two claims stem from the same underlying factual circumstances." *Smith v. Bob Smith Chevrolet, Inc.*, 275 F. Supp. 2d 808, 813 (W.D. Ky. 2003) (citing *Harris v. Ashley,* 165 F.3d 27, 1998 WL 681219 (6th Cir.1998)). If the factual scenarios of the two lawsuits "parallel" each other, "the same cause of action is involved in both." *Lawrence v. Bingham Greenebaum Doll, LLP*, 599 S.W.3d 813, 826 (Ky. 2019) (internal citations omitted).

Here, there is clear identity of claims between the instant matter and Plaintiff's claims in *Massey I* because they both arise from the same underlying factual circumstances. *See Smith*, 275 F. Supp. 2d at 813. Both lawsuits involve the same HELOC, and both complaints allege that Plaintiff requested a payoff statement from SLS

because he determined that SLS was "not a reputable" company. *Massey I* at 4; ECF No. 5, ¶ 13. Both complaints allege that Plaintiff sent SLS a $25,849.76 cashier's check, which SLS received on August 30, 2024. *Massey I* Compl. at 5; ECF No. 5, ¶ 18–20. Both complaints allege that SLS initially denied receiving the check, later acknowledged that the Postal Service records indicated receipt, and that the check had been lost. *Massey I* at 5; ECF No. 5, ¶ 21–24. In short, both complaints are premised on the same lost payoff check relative to the same HELOC. ECF No. 18 at 15. These factual scenarios not only "parallel" each other, they are entirely the same, and thus, the same cause of action is involved in both. *See Lawrence*, 599 S.W.3d at 826.

Furthermore, Plaintiff raised a fraud claim in *Massey I*, *Massey I* Compl. at 4, and does so here again.[20] ECF No. 5, ¶ 1. It is true that, here, Plaintiff alleges that SLS "continued to perpetuate the fraud until May 2024," *id.*, ¶ 6, but the claim still arises from the same nucleus of facts. *See Yeoman,* 983 S.W.2d at 465. Thus, it does not matter that Plaintiff has brought a new claim—breach of contract—in this suit because it too arises from this same nucleus of facts. *See id.*; *see also Borntraeger v. Clayton*, No. 2013-CA-000537-MR, 2014 WL 6879056, at *3 (Ky. Ct. App. Dec. 5, 2014) ("The fact that [a plaintiff] is bringing claims which may or may not have been addressed in the prior action does not negate the fact that the claims arose from the same underlying circumstances and therefore should have been asserted in the earlier action.").

---

[20] Plaintiff's allegations in *Massey I* are difficult to parse. He alleged that SLS engaged in "deception" by the "theft of plaintiff's financial resources by fraud and deceptive practices." *Massey I* Compl. at 4. When dismissing *Massey I*, the district court liberally construed this claim as "common law fraud." *Massey,* 2021 WL 311868, at *4. The Court discerns no reason to doubt this conclusion, based on the district court's thorough reading of the complaint in that action.

Therefore, because the controversy in both suits is the same, there is identity of claims, and the second element is satisfied.[21] *See Yeoman,* 983 S.W.2d at 465; *Miller*, 361 S.W.3d at 872.

### iii.    Final Judgment on the Merits

Finally, Defendants argue that the judgment in *Massey I* was a final judgment on the merits. ECF No. 18 at 10. Plaintiff argues that the judgment in *Massey I* is void. *See generally* ECF No. 33. The court agrees with Defendants.

"A dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits[] and is therefore done with prejudice." *Massey v. Computershare Ltd.*, No. 21-cv-0601-WJM-SKC, 2021 WL 5810720, at *9 (D. Colo. Dec. 7, 2021) (quoting *Pratt*, 365 F.3d at 522); see also *Slocum v. Corp. Express U.S.*, 446 F. App'x 957, 960 (10th Cir. 2011) ("Rule 12(b)(6) dismissals, unless otherwise indicated, constitute a dismissal with prejudice.").

Here, the Western District of Kentucky dismissed *Massey I* pursuant to the defendant's Rule 12(b)(6) motion and entered judgment based on that dismissal. *See Massey*, 2021 WL 311868, at *6. Plaintiff did not appeal that judgment. *See Massey*, 2024 WL 4471678, at *4. Consequently, the judgment in *Massey I*, which made no indication

---

[21] This conclusion has been echoed in each of the previous cases that has been adjudicated after *Massey I. See Massey v. Compushare Ltd.*, 2024 WL 943411 (finding that, in *Massey II*, Plaintiff alleged "a series of claims that involve[d] the same material facts involved in" *Massey I*, including "a payoff check Plaintiff sent SLS through certified mail to terminate his mortgage debt [and] SLS claiming it never received the check"); *Massey v. Specialized Loan Servicing, LLC*, No. 1:23-cv-00020-GNS, 2023 WL 6096953, at *7 (W.D. Ky. Sept. 18, 2023) (concluding that the claims in *Massey III*, which were premised on a check which Plaintiff "allegedly sent to SLS to pay off a [HELOC] account, which check SLS allegedly lost, and on SLS' subsequent conduct," were not only "parallel facts," but "identical" to *Massey I*); *Massey*, 2024 WL 4471678, at *4 (affirming the district court and concluding that "[b]ecause both cases stem from the same factual predicate, the district court properly found an identity of the two causes of action").

to the contrary, was a final judgment on the merits and with prejudice. *See Slocum*, 446 F. App'x at 960.

Thus, the third element is satisfied. *See Miller*, 361 S.W.3d at 872.

\* \* \*

In sum, all the elements of res judicata are satisfied here, and so the Court concludes that Plaintiff's claims are barred as a matter of res judicata. *See Miller*, 361 S.W.3d at 872. Plaintiff's complaint therefore fails to state a claim upon which relief can be granted, and the Court grants Defendants' Motion to Dismiss on this basis. *See* Fed. R. Civ. P. 12(b)(6); *Noflin*, 2019 WL 1112383, at \*2.

The Court makes one final note. In his Motion for Declaratory Judgment, ECF No. 35, Plaintiff appears to seek to bring an additional declaratory judgment claim against Defendants. *See generally id.* This effort fails for several reasons. First, to the extent Plaintiff seeks to amend his Complaint to add an additional claim or seek additional relief in the form of a declaratory judgment, he must do so in a procedurally proper manner, rather than simply file an additional "motion." *See* Fed. R. Civ. P. 15(a); *see also* ECF No. 37 at 1. On this basis alone denial is proper. *See also* ECF No. 37 at 14. Second, review of the motion confirms it is based on the same factual predicates as Plaintiff's other claims, underscoring that—even if the Court considered Plaintiff's procedurally improper request—Plaintiff's motion would likewise be barred on res judicata grounds. *See generally* ECF No. 35; *see also* ECF No. 37 at 8 n.5; *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (stating that refusing leave to amend is justified if amendment would be "futil[e]"). Accordingly, Plaintiff's Motion for Declaratory Judgment is DENIED.

### 4.  Statute of Limitations

Having determined that Plaintiff's claims are barred by res judicata, the Court need not reach Defendant's statute of limitations argument in order to resolve the motion.

## IV.    CONCLUSION[22]

For the above reasons, the Court DENIES Plaintiff's Motion to Remand, ECF No. 21, and GRANTS, with prejudice, Defendants' Motion to Dismiss. ECF No. 18. The Court DENIES Plaintiff's Motion for Declaratory Judgment, ECF No. 35, and DENIES AS MOOT Plaintiff's Motion for Speedy Hearing of Motion for Declaratory Judgment, ECF No. 38, and Defendants' Motion to Stay and/or Hold in Abeyance Plaintiff's Motion for Declaratory Judgment Pending Adjudication of Defendants' Motion to Dismiss, ECF No. 37.[23]

Dated this 5th day of September 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

---

[22] The Court finally notes that Plaintiff calls for sanctions against Defendants. *See* ECF No. 21 at 12; ECF No. 33, ¶ 19. Aside from the fact that Plaintiff's calls do not comport with the applicable rules, *see* Fed. R. Civ. P. 11, sanctions against Defendants here would be entirely unwarranted.

[23] Because the Court denies Plaintiff's declaratory judgment motion, it DENIES AS MOOT Plaintiff's Motion for Speedy Hearing of Motion for Declaratory Judgment, ECF No. 38, and Defendants' Motion to Stay and/or Hold in Abeyance Plaintiff's Motion for Declaratory Judgment Pending Adjudication of Defendants' Motion to Dismiss, ECF No. 37.

26